Jeffery J. Carlson (SBN 60752)
Carlsonj@cmtlaw.com
J. Grace Felipe (SBN 190893)
Felipeg@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
FINANCIAL CREDIT NETWORK, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA BRACE, | Case No: |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| FINANCIAL CREDIT NETWORK, INC., | |
| Defendant. | |

Defendant, FINANCIAL CREDIT NETWORK hereby files this notice of removal under 28 U.S.C. §1446(a).

## A. INTRODUCTION

1. Defendant is FINANCIAL CREDIT NETWORK ("Defendant"); Plaintiff is CHRISTINA BRACE ("Plaintiff").

///

2. Upon information and belief, Plaintiff initially filed this case on October 7, 2014, in the Superior Court of California, County of Los Angeles, Case No. 14K13325.

3. On October 29, 2014, Defendant was personally served with the Summons, Plaintiff's Complaint, the Civil Case Cover Sheet Addendum and Statement of Location, and the General Order of the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of the documents served on Defendant is attached hereto as Exhibit "A".

4. As Defendant received Plaintiff's Complaint on October 29, 2014, Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b), and as extended via FRCP 6. See *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 U.S. App. LEXIS 2287 at *2 (9th Cir. Cal. Jan. 30, 1966).

### B. BASIS FOR REMOVAL

5. Removal is proper because Plaintiff's Complaint involves a federal question. 28 U.S.C. §§1331, 1441(b); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996). Specifically, Plaintiff has alleged claims that arise under 15 U.S.C. §1692, *et seq.*, 47 U.S.C. § 227(b)(1)(A)(iii), and California *Civil Code* § 1788, *et seq.* for alleged violations of the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

///

1. It is therefore an action of which this Court has original jurisdiction under 28 U.S.C. §1331, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a). This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

7. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

### C. JURY DEMAND

8. Plaintiff demands a jury in the state court action. Defendant also demands a jury trial.

### D. CONCLUSION

9. Defendant respectfully requests removal of this action as it involves a federal question under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

DATED: November 26, 2014        CARLSON & MESSER LLP

By: /s/ J. Grace Felipe
    Jeffery J. Carlson
    J. Grace Felipe
    Attorney for Defendant,
    FINANCIAL CREDIT NETWORK, INC.